# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| 613 AGRO HOLDINGS, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-2425-JAR |
| LOLA M. RENICK, et al., | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for leave to amend its complaint to add a claim that Bruce Renick (one of the defendants) converted scrap metal owned by plaintiff. (Doc. 42). For the reasons set forth below, the motion to amend shall be DENIED.

## Background

Highly summarized, plaintiff alleges that it paid $8,900,000 to purchase approximately 5,800 acres of farm land located in Gray County, Kansas from "the Don

Renick Family" that was auctioned on October 26, 2010.[1] Plaintiff asserts that defendants failed to convey certain mineral rights with the real estate contrary to representations in the auction brochures, and instead leased the mineral rights to Paramount Land, Inc. in February 2012. Plaintiff contends that the failure to convey the mineral rights is (1) a breach of the warranty deeds, (2) a breach of the purchase agreement and "auction sale agreement," and (3) fraud. Relief requested in the original complaint includes (1) monetary damages, (2) reformation of the purchase agreement, and (3) specific performance.

## Motion To Amend

Plaintiff seeks leave to amend its complaint to add a claim that Bruce Renick wrongfully converted scrap metal which was ***owned by plaintiff*** and located on the purchased real estate. Defendants oppose the motion to amend, arguing that the proposed amendment is untimely, prejudicial, and futile.

The standard for permitting a party to amend its pleading is well established. Without an opposing party's consent, a party may amend its pleading only by leave of the court. Fed.

---

[1] Although the auction bill generically referred to the seller as "the Don Renick Family," title to various real estate tracts were held by a corporation, a trust, and certain individual family members. An attachment to the sales brochure provided additional details concerning the owners of the real estate that was being auctioned. The farm machinery and equipment associated with this "farm operation" was auctioned on October 27, 2010.

R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996). "Untimeliness alone may be a sufficient basis for denial of leave to amend." Las Vegas Ice & Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Circuit, 1990). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id., (quoting State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405 (10th Cir. 1984).

With respect to the issues of timeliness and undue delay, the scheduling order (Doc. 20) established a November 30, 2012 deadline for the filing of any motion to amend the pleadings and plaintiff filed its motion on January 10, 2013. Plaintiff argues that the motion is timely because *plaintiff's counsel* learned of the conversion claim when interviewing Steve Dewey, a non-party witness, on December 27, 2012.

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

The difficulty with this argument is that *plaintiff* was aware of the circumstances giving rise to this conversion claim before this lawsuit was filed. The scrap metal referenced in the amended complaint apparently consisted of seven vehicle bodies located on a hilltop on one of the pastures purchased by plaintiff. Bruce Renick started removing the vehicle bodies on January 10, 2012. Steve Dewey (son of the man plaintiff hired to manage its real estate) contacted Bruce on March 5, 2012 and complained about the removal of the vehicles. On that same day Bruce Renick also telephoned Michael Wengrofsky, plaintiff's New York representative, and left a voice mail message to return his call. Mr. Wengrofsky returned the call on March 6, 2012 and Bruce explained that arrangements had been made to haul the vehicle bodies off and asked if that was a problem. Mr. Wengrofsky told Bruce he would check with his "team" and call back the next day. Mr. Wengrofsky never called back. Because **plaintiff** was aware of the circumstances giving rise to the conversion claim as early as March 6, 2012 and failed to include the claim in the original complaint filed on July 6, 2012, the motion to amend is denied as untimely.

In addition to being untimely, the representations and arguments concerning plaintiff's ownership of the vehicle bodies are troubling. Plaintiff's reply brief asserts that:

> [T]he vehicles were a part of the property purchased by plaintiff. In the purchase agreement, defendants had the opportunity to carve out all of the items they wished to keep, and they did so — down to stained glass windows and cedar trees. Exhibit B of the Purchase Agreement, at paragraph 8, 11, attached hereto as Exhibit 1. But defendants did not carve out the vehicles.

Contrary to plaintiff's argument, the relevant section of the purchase agreement provides:

> PROPERTY. Seller agrees to sell and buyer agrees to purchase the **real estate** designated in the auction brochure as Tracts . . . the same being part of the real estate described in the attached Exhibit A containing approximately 5882 acres, together with all buildings, **permanent improvements, fixtures attached thereto (unless otherwise EXCLUDED),** all privileges and appurtenances pertaining thereto, including non-exclusive easement rights for the purpose of ingress and egress, and all utilities services to and from said property and the public road, leases, rents, and security deposits, all of the above hereinafter collectedly called the "Property." (Bold emphasis added).

Consistent with the right to exclude "permanent improvements and fixtures attached thereto," the sellers retained the right to remove a series of stained glass panels from the kitchen of the house located on Tract 4 and certain cedar trees on Tract 18. However, vehicle bodies are *not* "permanent improvements and fixtures attached thereto" and the court finds no support for plaintiff's argument that it acquired ownership of the scrap metal simply through execution of the purchase agreement.

In addition to plaintiff's tortured argument concerning its ownership of personal property, the proposed conversion claim concerning scrap metal has no material factual or legal connection to the events surrounding plaintiff's claims to the disputed mineral rights. Under the circumstances, the motion to amend shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend (**Doc. 42**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of February 2013.

                                                    S/ Karen M. Humphreys
                                                  _____
                                                  KAREN M. HUMPHREYS
                                                  United States Magistrate Judge